| Chih-Chen Ma v Wei Li Wang |
|:---:|
| 2025 NY Slip Op 30170(U) |
| January 14, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 655044/2022 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**                    PART            **11M**

*Justice*

-------------------------------------------------------------------------------X

CHIH-CHEN MA, NING KAN YANG,

                         Plaintiff,

                    - v -

WEI LI WANG, MING TONG, CHINA BUDDHIST
ASSOCIATION

                         Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655044/2022 |
| **MOTION DATE** | 12/24/2024, 12/24/2024 |
| **MOTION SEQ. NO.** | 007 008 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 289, 290, 291, 293, 294, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311

were read on this motion to/for                    INJUNCTION/RESTRAINING ORDER                    .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 292, 297, 298, 299, 300

were read on this motion to/for                    CONTEMPT                    .

Upon the foregoing documents, plaintiffs' motion seq. 007 is granted in part and denied in part, and defendant's motion seq. 008 is granted in part and denied in part.

## Background

These motions arise out of long-running dispute over the spiritual and corporate governance of the China Buddhist Association (CBA), a religious organization founded in 1963 that owns and operates three temples in New York, after the death on December 4, 2022, of the then-President and Grandmaster Ming Yee. On December 5th, 2022, the CBA Board held a special emergency meeting, issuing a set of decisions (the "December 5 Decision") which delineated who was in charge of certain governance matters. It also stated that defendant Rev. We Li Wang ("Wang") would "temporarily be in charge of daily management of CBA until the

**655044/2022   MA, CHIH-CHEN ET AL vs. WANG, WEI LI ET AL**
**Motion No.  007 008**

**Page 1 of 8**

1 of 8

[* 1]

annual election." But shortly thereafter, another purported meeting was held that attempted to replace Wang as Grandmaster, an action that led to the underlying lawsuit.

After years of hearings and litigation, this Court issued an order on December 17, 2024 (the "December Order"). In the December Order, the Court issued several preliminary injunctions. Relevant to these motions are the orders that: 1) any actions taken by defendant Wei Li Wang ("Wang") in her positions within the CBA shall abide by the organization's bylaws; 2) that plaintiffs Chih-Chen Ma and Ningkang Yang (collectively, "Plaintiffs") are preliminary enjoined from conducting any meetings or taking any actions on behalf of CBA, as well as admitting any disciples or members on behalf of the CBA. Following the December Order, the parties have continued to vigorously dispute the implications and impact of the Order, leading to several calls to the NYPD and the bringing of the present motions.

*The Present Motions*

In mot. seq. 007, Plaintiffs seek to vacate the December Order or in the alternative, ordering that Plaintiffs are "preliminary enjoined from acting outside the usual course of business" of the CBA rather than being enjoined from taking any actions on behalf of the organization. They also seek a variety of preliminary injunctions restraining: 1) Wang from entering into contracts/purchases on behalf of CBA; 2) the parties from disparaging each other; 3) Wang from admitting or expelling any new members or disciples; and 4) Wang from holding herself out as a trustee or officer of CBA or paying any associated expenses.

In mot. seq. 008, Wang seeks to hold Plaintiffs in contempt of court for allegedly failing to comply with the December Order. Wang further seeks an order compelling Plaintiffs to restore the status quo prior to the entry of a temporary restraining order issued December 30, 2022, and to turn over the control and day-to-day management of the CBA to Wang. They also seek several

655044/2022   MA, CHIH-CHEN ET AL vs. WANG, WEI LI ET AL
Motion No.  007 008

Page 2 of 8

2 of 8

preliminary injunctions, including an order removing Plaintiffs from the CBA bank accounts and staying Plaintiffs from: 1) interfering with any of CBA's property; 2) disparaging the CBA and/or Wang; 3) conducting any meetings or elections on behalf of CBA; 3) accepting any disciples or members; and 4) participating in any Buddhist meetings or services.

**Discussion**

At the heart of the parties' disputes here are their different understandings of the delineation of the responsibilities and powers of the religious leaders of the organization and the corporate leaders (as set forth in the bylaws). Complicating matters is the fact that the previous Grandmaster, Ming Yee, was also the President of the Board (and therefore by extension, the Chairman of the Trustees); the bylaws' silence on certain crucial matters; and the different interpretations of the December Order.

Many of these issues can be resolved by holding the overdue election of the corporate officers, although this raises another sub-issue: who are the members eligible to participate in this election? The bylaws state that "[m]embership in this organization shall be open to all who are of the Buddhist faith and have been admitted as disciples." The bylaws' silence on how a person is admitted as a disciple and who admits them, leading to a hot issue of dispute between the parties. The Court will be appointing a Temporary Receiver to oversee the election in accordance with the procedures laid out in the bylaws, and the membership roll for this election should consist of those who were eligible members as of December 4, 2022, the date that the previous Grandmaster and President passed away.

As regards the parties' many requests in these two motions, most of them will be resolved by the results of the election and clarifying certain parts of the December Order. Pending the determination of this suit, Wang is the Grandmaster and therefore currently the religious head of

**655044/2022  MA, CHIH-CHEN ET AL vs. WANG, WEI LI ET AL**
**Motion No.  007 008**

**Page 3 of 8**

3 of 8

[* 3]

the CBA. But the December Order stated that she is to "abide by all by-laws" of the CBA. This would include following the procedures laid out in the bylaws for removing directors and trustees.

While Grandmaster Ming Yee was also the President and Chairman, thus giving her both religious and corporate authority over the CBA, the role of President cannot be passed down but must be elected pursuant to the bylaws. Further corporate governance responsibilities and powers over the day-to-day management of the CBA are vested by the bylaws in the Directors and Trustees, not the Grandmaster. The bylaws lay out the duties and responsibilities to be followed by the duly elected officers.

*The Defendant Wang's Requested Preliminary Injunctions*

Defendant Wang's requested preliminary injunctions largely turn on a misunderstanding of the role of the Grandmaster under the bylaws, and therefore several of the requested injunctions do not satisfy the likelihood of success on the merits prong of a preliminary injunction. Both parties seek in their respective motions to prevent the other from admitting or expelling members, a position on which as stated above the bylaws are largely silent. As the First Department held in examining this issue in a previous CBA case, this makes the admittance or expulsion of members a religious, nonjusticiable matter vested in the leader's discretion. *Matter of Ming Tung v. China Buddhis Assn.*, 124 A.D.3d 13, 20-21 (1st Dept. 2014).

Wang asks the Court to hold the Plaintiffs in contempt of court for refusing to turn over the corporate control of the CBA. This the Court declines to do. Another requested relief is that the Court order Plaintiffs to restore Wang to the "status quo prior to the entry of the temporary restraining order issued on December 30, 2022." By this, Wang means handing over full control of the corporate governance, books, bank accounts, and so on to her in her position as

**655044/2022   MA, CHIH-CHEN ET AL vs. WANG, WEI LI ET AL**
**Motion No.  007 008**

**Page 4 of 8**

[* 4]                                                      4 of 8

Grandmaster. As stated above, the bylaws do not authorize the Grandmaster to run the corporate side of the CBA but rather the President, an elected position. But the December 5 Decision, which remains in effect, granted certain temporary powers to Wang and other individuals until the annual election. Therefore, the new election will largely resolve this matter. The duly elected officials will, post-election, carry out the management of the CBA in accordance with the bylaws.

The Court notes that while Wang is likely the Grandmaster pending the resolution of this action, and therefore at this time is the religious head of the CBA, the requested relief of banning Plaintiffs from "participating in or hosting *any* Buddhist meetings or services" (emphasis added) is too broad and would be a clear infringement on Plaintiffs' religious rights. Religious authority over the CBA does not extend to religious authority over Buddhism as a whole.

*The Plaintiffs' Requested Preliminary Injunctions*

Plaintiffs have requested to vacate the December Order, or, in the alternative, to modify it. They argue that as written, the order prevents the elected officers from carrying out the essential day-to-day business of the CBA. Because the December 5 Decision is currently controlling, to the extent that the December Order conflicts with that board decision, it is modified. The Court has considered the parties' other arguments and found them unavailing. Accordingly, it is hereby

ORDERED that within 30 days of the date of entry of this order, the Chinese Buddhist Association will hold an election to determine the directors and trustees in accordance with the bylaws; and it is further

ORDERED that Joseph Yau, Esq., with the email of jyau@jyaulaw.com and an office at 139 Centre St. STE 816, New York, New York 10013, be and hereby is appointed temporary

**655044/2022   MA, CHIH-CHEN ET AL vs. WANG, WEI LI ET AL**
**Motion No.  007 008**

**Page 5 of 8**

5 of 8

[* 5]

receiver in order to oversee the said election of the Chinese Buddhist Association, including determining the eligible member roll as of December 4, 2022, and ensuring compliance with the board decision dated December 5, 2022, NYSCEF Doc. # 13 until said election; and it is further

ORDERED that the powers granted hereby to the temporary receiver may not be extended except on further order of the court; and it is further

ORDERED that the temporary receivership hereby authorized shall continue only up to the completion of the election unless hereafter directed otherwise by this court upon motion; and it is further

ORDERED that the temporary receiver shall give an undertaking in the amount of $2,000 that he will faithfully discharge his duties in such capacity; and it is further

ORDERED that the temporary receiver shall keep written accounts as provided in CPLR 6404; and it is further

ORDERED that, pursuant to Section 36.1 of Part 36 of the Rules of the Chief Judge, the temporary receivership shall be subject to said Part 36; and it is further

ORDERED that, by accepting this appointment, the temporary receiver certifies that he is in compliance with Part 36, including Section 36.2 (d) ("Limitations on appointments based upon compensation"), but if he is disqualified from receiving such appointment pursuant to the provisions of Part 36, he shall notify this court forthwith; and it is further

ORDERED that, by accepting this appointment, the temporary receiver certifies that he is familiar with the duties and responsibilities of a temporary receiver, has experience in such area, and is fully capable of assuming, and prepared to assume, those duties and responsibilities, which are commensurate with his/her abilities; and it is further

**655044/2022   MA, CHIH-CHEN ET AL vs. WANG, WEI LI ET AL**
**Motion No.  007 008**

**Page 6 of 8**

6 of 8

[* 6]

ORDERED that attorneys or support staff in the appointee's office may perform tasks under the appointee's direct supervision unless otherwise directed by the court, but all substantive appearances and reports must be made, performed, and created by the appointee; and it is further

ORDERED that, pursuant to Section 36.1(a) (10) of Part 36 of the Rules of the Chief Judge, the temporary receiver is not authorized to hire counsel, an accountant, auctioneer, appraiser, property manager, or real estate broker (secondary appointees) without further order of this court, and that the temporary receiver is not authorized to pay fees to any secondary appointee without further order of this court; and it is further

ORDERED that, pursuant to Section 36.2 (c) (8), no temporary receiver shall be appointed as his or her own counsel and no person associated with a law firm of that receiver shall be appointed as counsel to that receiver unless there is a compelling reason to do so; and it is further

ORDERED that counsel for the movant shall, within 15 days from the date of this order, file a copy hereof with notice of entry with the Fiduciary Clerk; and it is further

ORDERED that such filing with the Fiduciary Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures For Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ADJUDGED that plaintiff's motion 007 is granted in part and denied in part; and it is further

ORDERED that the board decision dated December 5, 2022, NYSCEF Doc. # 13, remains in effect until the aforementioned election takes place; and it is further

ORDERED that the Order dated December 17, 2024, is modified only to the extent that it conflicts with the board decision dated December 5, 2022, NYSCEF Doc. # 13; and it is further

**655044/2022   MA, CHIH-CHEN ET AL vs. WANG, WEI LI ET AL**
**Motion No.  007 008**

Page 7 of 8

7 of 8

ORDERED that plaintiffs, Chih-Chen Ma and Ning Kan Yang, their agents, assignees, and/or representatives, or anybody acting in concert with them, are preliminarily enjoined from disparaging defendant Wei Li Wang or her agents, and assigns; and it is further

ORDERED that defendant, Wei Li Wang, her agents, assignees, and/or representatives, or anybody acting in concert with them, are preliminarily enjoined from disparaging Plaintiffs Chih-Chen Ma and Ning Kan Yang or their agents, and assigns.

20250114124810LFRANK609B52C42E7D497B8E09FEF51E310831

| 1/14/2025 | | LYLE E. FRANK, J.S.C. |
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

655044/2022   MA, CHIH-CHEN ET AL vs. WANG, WEI LI ET AL
Motion No.  007 008

Page 8 of 8

8 of 8